JEAN E. WILLIAMS
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

SHAUN M. PETTIGREW (CA State Bar No. 254564)
Trial Attorney
c/o NOAA Damage Assessment
7600 Sand Point Way, NE
Seattle, WA 98115
Telephone: (206) 526-6881
shaun.pettigrew@usdoj.gov

NICOLE M. SMITH, Trial Attorney
CA Bar Number 303629
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 305-0368
Facsimile: (202) 305-0275
Email: nicole.m.smith@usdoj.gov

*Counsel for Federal Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| FRIENDS OF THE CLEARWATER and ALLIANCE FOR THE WILD ROCKIES, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:20-CV-00322-BLW |
| v. | ) ) ) | |
| U.S. FOREST SERVICE; VICKI CHRISTIANSEN, Chief of the U.S. Forest Service; CHERYL PROBERT, Forest Supervisor for the Nez Perce-Clearwater National Forests; LEANNE MARTEN, Regional Forester for Region 1 for the U.S. Forest Service; and NOAA-FISHERIES, | ) ) ) ) ) ) ) ) ) | MEMORANDUM IN SUPPORT OF FEDERAL DEFENDANTS' MOTION TO STRIKE |
| Federal Defendants. | ) | |

# TABLE OF CONTENTS

PAGE

INTRODUCTION ................................................................................................ 1

ARGUMENT ...................................................................................................... 2

I. The Court Should Strike the Extra-Record Declarations Submitted with Plaintiffs' Motion for Summary Judgment........................................................................................ 2

    A. Judicial Review Under the APA Is Limited to the Administrative Record that Was Before the Agency and Plaintiffs Fail to Show that Supplementation Is Warranted. ...... 2

    B. Plaintiffs' Claims Against NMFS Are Not ESA Citizen-Suit Claims, and Plaintiffs' Reliance on *Kraayenbrink* Is Misplaced. ......................................................... 5

    C. *Kraayenbrink* Does Not Alter the APA Scope of Review. ................................. 7

    D. Plaintiffs Improperly Use the Declarations to Attack the Agencies' Conclusions. ......... 8

    E. References to Extra-Record Testimony in Plaintiffs' Brief Should Be Stricken........... 13

II. Should the Court Consider Plaintiffs' Declarations, It Should Likewise Consider the Rebuttal Declarations Submitted by Federal Defendants ................................................ 13

CONCLUSION.................................................................................................... 14

# TABLE OF AUTHORITIES

<u>CASES</u>                                                                                                 <u>PAGE</u>

*All. v. U.S. Dep't of the Interior*,

    No. 4:20-cv-00059-BMM, 2020 WL 7427517 (D. Mont. Dec. 18, 2020) ............................. 12

*All. for the Wild Rockies v. Kruger*,

    950 F. Supp. 2d 1172 (D. Mont. 2013) ...................................................................................... 8

*Alsea Valley All. v. Evans*,

    143 F. Supp. 2d 1214 (D. Or. 2001) ......................................................................................... 9

*Asarco, Inc. v. EPA*,

    616 F.2d 1153 (9th Cir. 1980) ................................................................................... 1, 9, 11, 13

*Balt. Gas & Elec. Co. v. Nat. Res. Def. Council*,

    462 U.S. 87 (1983).................................................................................................................... 2

*Cabinet Mountains Wilderness/Scotchman's Peak Grizzly Bears v. Peterson*,

    685 F.2d 678 (D.C. Cir. 1982) ................................................................................................. 7

*Camp v. Pitts*,

    411 U.S. 138 (1973)............................................................................................................ 2, 13

*Citizens to Pres. Overton Park, Inc. v. Volpe*,

    401 U.S. 402 (1971)............................................................................................................ 2, 14

*Ctr. for Biological Diversity v. Ross*,

    349 F.Supp.3d 38 (D.D.C. 2018) ........................................................................................... 10

*Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*,

    450 F.3d 930 (9th Cir. 2006) ................................................................................................... 1

*Ctr. for Biological Diversity v. Wolf*,

    447 F. Supp. 3d 965 (D. Ariz. 2020) ........................................ 8

*Ctr. for Env't Sci. Accuracy & Reliability v. Nat'l Park Serv.*,

    No. 1:14-cv-02063 LJO MJS, 2015 WL 5430278 (E.D. Cal. Sept. 14, 2015)............................ 4

*Friends of the Clearwater v. Dombeck*,

    222 F.3d 552 (9th Cir. 2000) ........................................ 2

*Friends of the Payette v. Horseshoe Bend Hydroelectric Co.*,

    988 F.2d 989 (9th Cir. 1993) ........................................ 3

*Env't Def. Fund, Inc. v. Costle*,

    657 F.2d 275 (D.C. Cir. 1981) ........................................ 9

*Gallatin Wildlife Ass'n v. U.S. Forest Serv.*,

    CV-15-27-BU-BMM, 2016 WL 6684197 (D. Mont. Apr. 7, 2016)........................................ 13

*Greater Yellowstone Coal. Inc. v. Servheen*,

    665 F.3d 1015 (9th Cir. 2011) ........................................ 2

*Ground Zero Ctr. for Non-Violent Action v. U.S. Dep't of the Navy*,

    383 F.3d 1082 (9th Cir. 2004) ........................................ 7

*Hoopa Valley Tribe v. Nat'l Marine Fisheries Serv.*,

    230 F. Supp. 3d 1106 (N.D. Cal. 2017) ........................................ 6

*Inland Empire Pub. Lands Council v. Schultz*,

    992 F.2d 977 (9th Cir. 1993) ........................................ 9

*Inland Empire Pub. Lands Council v. U.S. Forest Serv.*,

    88 F.3d 754 (9th Cir. 1996) ........................................ 2

*Karuk Tribe of Cal. v. U.S. Forest Serv.*,

    681 F.3d 1006 (9th Cir. 2012) ........................................................................... 7

*Lands Council v. Powell*,

    395 F.3d 1019 (9th Cir. 2005) ...................................................................... 9, 13

*Nat'l Res. Def. Council, Inc. v. EPA*,

    683 F.2d 752 (3d Cir. 1982)............................................................................ 13

*Nw. Env't Advocs. v. Nat'l Marine Fisheries Serv.*,

    460 F.3d 1125 (9th Cir. 2006) ........................................................................... 9

*Newton Cty. Wildlife Ass'n v. Rogers*,

    141 F.3d 803 (8th Cir. 1998) ............................................................................. 7

*Recycle for Change v. City of Oakland*,

    856 F.3d 666 (9th Cir. 2017) ............................................................................. 4

*Rio Grande Silvery Minnow v. Bureau of Reclamation*,

    601 F.3d 1096 (10th Cir. 2010) ......................................................................... 7

*Rybachek v. EPA*,

    904 F.2d 1276 (9th Cir. 1990) ..................................................................... 12, 13

*San Luis & Delta-Mendota Water Auth. v. Jewell*,

    747 F.3d 581 (9th Cir. 2014) .............................................................. 8, 9, 10, 12

*Tribe v. Nat'l Marine Fisheries Serv.*,

    Case No. 16-cv-04294-WHO, 2018 WL 2010980 (N.D. Cal. Apr. 30, 2018) ........................... 6

*Tribe v. U.S. Bureau of Reclamation*,

    Case No. 3:16-cv-04294-WHO, 2017 WL 6055456 (N.D. Cal. Mar. 24, 2017)....................... 6

*United States v. Carlo Bianchi & Co.*,

   373 U.S. 709 (1963) ................................................................. 7

*Vill. of False Pass v. Clark*,

   733 F.2d 605 (9th Cir. 1984) .................................................. 7

*W. Watersheds Project v. Kraayenbrink*,

   632 F.3d 472 (9th Cir. 2011) ........................................... 5, 12

## STATUTES

5 U.S.C. § 706 ..................................................................... 2

5 U.S.C. § 706(2)(A) ........................................................... 2

16 U.S.C. § 1540(g)(1) ........................................................ 5

16 U.S.C. § 1540(g)(1)(A) ............................................... 5, 7

## INTRODUCTION

Notwithstanding the rule that limits review in this Administrative Procedure Act ("APA") case to the two administrative records lodged by the United States Forest Service and the National Marine Fisheries Service ("NMFS"), Plaintiffs filed two extra-record declarations in support of their summary judgment motion, without first moving the Court to supplement the record or otherwise admit such materials. *See* ECF No. 21-2, 21-4. The declarations of Jeremiah W. Busch (ECF No. 21-2) and Al Espinosa (ECF No. 21-4), improper in their entirety, are submitted and relied upon as expert declarations in support of Plaintiffs' claim that Defendants failed to reinitiate consultation, *see, e.g.*, ECF No. 21-1, Plaintiffs Memo. in Support of Mot. for Summary Judgment ("Pls. Br.") at 24-25, 30, to attack the NMFS' analysis and conclusions in the Biological Opinion, and to challenge the Forest Service's determinations that they complied with the National Environmental Policy Act ("NEPA") and the National Forest Management Act ("NFMA").

A party seeking to depart from the record must satisfy its burden of demonstrating that introduction of extra-record material is appropriate before being permitted to do so. *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 450 F.3d 930, 943 (9th Cir. 2006). But Plaintiffs have not and cannot make the requisite showing justifying their admission under any of the narrow exceptions to the record-review doctrine. Moreover, although styled as extra-record evidence in support of their Endangered Species Act ("ESA") citizen-suit claims, Plaintiffs' declarations include testimony that directly challenges the substance and scientific underpinnings of the agencies' decisions at issue here, which is flatly barred under the law of this Circuit. *See Asarco, Inc. v. EPA*, 616 F.2d 1153, 1160 (9th Cir. 1980) (extra-record evidence "to determine the correctness or wisdom of the agency's decision is not permitted"). For all of these reasons, the Court should grant Federal Defendants' motion and strike Plaintiffs' proffered extra-record declarations.

1

## ARGUMENT

**I.     The Court Should Strike the Extra-Record Declarations Submitted with Plaintiffs' Motion for Summary Judgment.**

**A.     Judicial Review Under the APA Is Limited to the Administrative Record that Was Before the Agency and Plaintiffs Fail to Show that Supplementation Is Warranted.**

A court's "review of an agency's compliance with the ESA is governed by the Administrative Procedure Act." *Greater Yellowstone Coal. Inc. v. Servheen*, 665 F.3d 1015, 1023 (9th Cir. 2011) (citation omitted). This record review rule also applies to a court's review of an agency's decision under NEPA and NFMA. *See Inland Empire Pub. Lands Council v. U.S. Forest Serv.*, 88 F.3d 754, 760 n.5 (9th Cir. 1996) ("[T]he general rule prevents consideration of evidence outside the administrative record[.]"). Under the APA standard of review, Federal Defendants' final decision must be upheld unless it is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The Court's task "is to determine whether the [agency] has considered the relevant factors and articulated a rational connection between the facts found and the choice made." *Balt. Gas & Elec. Co. v. Nat. Res. Def. Council*, 462 U.S. 87, 105 (1983) (citation omitted).

As to the scope of review, the APA directs a court reviewing an agency decision to review "the whole record or those parts of it cited by a party." 5 U.S.C. § 706. Review under this section "is to be based on the full administrative record that was before the [agency decision-makers] at the time [they] made [their] decision." *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971). The "focal point for judicial review [of agency action] should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973) (per curiam); *Friends of the Clearwater v. Dombeck*, 222 F.3d

552, 560 (9th Cir. 2000) (review "normally is limited to the administrative record in existence at the time of the agency's decision") (citation omitted).

At the outset, it is Plaintiffs' burden to demonstrate that the record is so insufficient for judicial review that the Court must rely on outside evidence to analyze the agencies' compliance with relevant law. *Friends of the Payette v. Horseshoe Bend Hydroelectric Co.*, 988 F.2d 989, 997 (9th Cir. 1993) ("When a failure to explain action frustrates judicial review, the reviewing court may obtain from the agency, through affidavit or testimony, additional explanations for the agency's decisions.") (citation omitted). Importantly, Plaintiffs did not raise any issues with the sufficiency of the Administrative Records during the period provided for that purpose. *See* ECF No. 18, ¶ 1 (Order entering the schedule proposed in the parties' Joint Status Report). Nor could they.

The record in this case is more than sufficient to allow this Court to conduct a thorough review. The agencies' supporting Administrative Records contain tens of thousands of pages explaining each Agency's decision and expansively detailing the technical matters involved.  Most fundamentally, all materials upon which the agencies relied are included in the records. For example, in response to an April 7, 2020 letter sent by Plaintiffs requesting that the agencies reinitiate consultation, the agencies issued a joint response to Plaintiffs on June 4, 2020, stating they had determined that reinitiation was not required. NMFS012489-99. The agencies based their response on a memorandum prepared by the NMFS lead biologist explaining why the information presented in Plaintiffs' letter did not trigger reinitiation. NMFS 012221-33. These documents, and the collective administrative record on reinitiation, address the same assumptions about population dynamics that the Busch Declaration opines on. *Compare* Bush Decl., ECF No. 21-2 at 3-5, *with* NMFS012265, NMFS006821, *and* NMFS008474.  As compared to these declarations, NMFS'

record on reinitiation also includes more up-to-date and relevant data with respect to the one population affected by the Lolo Project—the Lolo Creek population. *Compare* Bush Decl., ECF No. 21-2 at 14 (discussing surveys of adult steelhead conducted outside the Lolo Creek watershed), *with* NMFS012269, NMFS012225, NMFS012232-33.

Moreover, under the schedule established by the Court, Plaintiffs have waived the right to challenge the sufficiency of the administrative record in this case. Plaintiffs did not file a motion to supplement the administrative record after the record was filed despite having 30 days to do so, *see* ECF No. 18, ¶ 1 (Scheduling order required plaintiffs to raise objections to the record by November 30, 2020, and file any motion by December 18, 2020), or otherwise move for the Court to consider their extra-record evidence. *See Ctr. for Env't Sci. Accuracy & Reliability v. Nat'l Park Serv.*, No. 1:14-cv-02063 LJO MJS, 2015 WL 5430278, at *3 (E.D. Cal. Sept. 14, 2015) (declining to consider extra-record evidence regarding an ESA claim, even "[a]ssuming, *arguendo*, Plaintiffs are correct that the APA does not limit Plaintiffs' ESA claims to the administrative record" where scheduling order set a deadline for a motion to supplement and plaintiffs failed to file a timely request). To the contrary, Plaintiffs requested that Defendants add documents to the record, which Defendants agreed to do. *See* ECF No. 20.

Rather than asking this Court's permission to present extra-record evidence, Plaintiffs assume they are entitled to put the declarations before the Court, asserting that assumption in a one-sentence footnote in their memorandum in support of summary judgment. *See* Pls.' Br. , ECF No. 21-1 at 24 n.24. The Court should consider Plaintiffs' request to consider extra-record evidence waived. *See Recycle for Change v. City of Oakland*, 856 F.3d 666, 673 (9th Cir. 2017) (holding plaintiff waived the argument "because it never raised it in its briefs, other than in a terse

one-sentence footnote") (citation omitted). The Court should also decline to consider the proffered materials as unnecessary and untimely.

> **B.      Plaintiffs' Claims Against NMFS Are Not ESA Citizen-Suit Claims, and Plaintiffs' Reliance on *Kraayenbrink* Is Misplaced.**

Plaintiffs rely on the assertion that their failure to reinitiate consultation claim arises under the citizen-suit provision of the ESA, and thus that claim is not subject to record review principles. *See* Pls. Br., 24 n.24 (citing *W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 497 (9th Cir. 2011). This argument is flawed in multiple respects, including that a failure to reinitiate consultation as against NMFS cannot be brought as an ESA claim.

In *Bennett v. Spear*, the Supreme Court confronted the question of whether a claim that the U.S. Fish and Wildlife Service as the consulting agency had violated ESA Section 7 in its administration of the statute, (as Plaintiffs allege here as to NMFS in Claim One) was actionable under the ESA's citizen-suit provision, 16 U.S.C. § 1540(g)(1), and unequivocally held that it was not. *See* 520 U.S. 154, 171 (1997). To begin, the Court determined that the only potentially relevant portion of the citizen-suit provision was the section that permits any person to seek "to enjoin any person, including the United States and any other governmental instrumentality or agency . . . who is alleged to be in violation of any provision of this chapter or regulation issued under the authority thereof." *Id.* (quoting 16 U.S.C. § 1540(g)(1)(A)).

In *Bennett*, the government argued that "the Secretary's conduct in implementing or enforcing the ESA is not a 'violation' of the ESA within the meaning of this provision," which instead "is a means by which private parties may enforce the substantive provisions of the ESA against regulated parties—both private entities and Government agencies—but is not an alternative avenue for judicial review of the Secretary's implementation of the statute." *Id.* at 173. The Supreme Court "agree[d]" with this argument, *id.*, reasoning that the term "violation" in the

citizen-suit provision was limited to the type of violation that would be subject to civil or criminal enforcement—*i.e.*, unlawful "take" in violation of ESA Section 9—and did not encompass ESA Section 7 claims, such as those advanced by Plaintiffs here against Defendant NMFS as the consulting agency, alleging "maladministration" of the ESA. *Id.* at 174. Instead, the Court held that such claims *can only be brought under the APA. Id.* at 174-75. Therefore, under *Bennett*, a challenge to an alleged failure to reinitiate by NMFS cannot be brought pursuant to the ESA citizen-suit provision. *See Hoopa Valley Tribe v. Nat'l Marine Fisheries Serv.*, 230 F. Supp. 3d 1106, 1116 (N.D. Cal. 2017) (holding that a failure to reinitiate consultation claim under the ESA citizen-suit provision "is impermissible against NMFS"), *modified on other grounds sub nom. Tribe v. U.S. Bureau of Reclamation*, Case No. 3:16-cv-04294-WHO, 2017 WL 6055456, at *1 (N.D. Cal. Mar. 24, 2017), *order clarified sub nom. Tribe v. Nat'l Marine Fisheries Serv.*, Case No. 16-cv-04294-WHO, 2018 WL 2010980, at *1 (N.D. Cal. Apr. 30, 2018). Because a reinitiation claim against NMFS, to the extent such a claim is permissible at all, must be brought pursuant to the APA, review of that claim must be limited to the APA's record review principles.

It is true that under *Bennett*, the portion of Plaintiffs' First Claim that alleges the Forest Service violated the ESA arises under the ESA citizen-suit provision. However, Plaintiffs' declarations almost exclusively target decisions made by NMFS, *not* by the Forest Service.  For example, the Busch Declaration squarely challenges conclusions reached in NMFS' Biological Opinion. *See* ECF No. 21-1 at ¶¶ 15-16. The Court should not consider these extra-record declarations insofar as they direct claims against NMFS.

At bottom, notwithstanding Plaintiffs' cursory citation of the case, *Kraayenbrink* does not provide a basis for consideration of Plaintiffs' extra-record evidence in its claim challenging NMFS' alleged failure to reinitiate consultation because that is not an ESA citizen suit claim.

### C.    *Kraayenbrink* Does Not Alter the APA Scope of Review.

*Kraayenbrink* also does not automatically permit consideration of extra-record evidence for Plaintiffs' reinitiation claim against the Forest Service. The Supreme Court has been unequivocal that, when a cause of action does not provide an internal standard of review, APA record review principles apply. *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 714-15 (1963) ("[I]n cases where Congress has simply provided for review, without setting forth the standards to be used or the procedures to be followed, this Court has held that consideration is to be confined to the administrative record and that no de novo proceeding may be held." (citations omitted)). The ESA citizen-suit provision, 16 U.S.C. § 1540(g)(1)(A), contains no internal scope or standard for review of the agencies' actions. Therefore, the Ninth Circuit has followed the Supreme Court's instructions and applies the APA standard to such claims. *See, e.g.*, *Vill. of False Pass v. Clark*, 733 F.2d 605, 609 (9th Cir. 1984) ("Because [the] ESA contains no internal standard of review, section 706 of the [APA], 5 U.S.C. § 706, governs review of the Secretary's actions." (citation omitted)); *Ground Zero Ctr. for Non-Violent Action v. U.S. Dep't of the Navy*, 383 F.3d 1082, 1086 (9th Cir. 2004).[1]

The *Kraayenbrink* decision referenced by Plaintiffs does not silently overrule this controlling precedent. The Ninth Circuit has, subsequent to its decision in *Kraayenbrink*, reaffirmed that record-review standards apply to ESA Section 7 cases. *See Karuk Tribe of Cal. v. U.S. Forest Serv.*, 681 F.3d 1006, 1017 (9th Cir. 2012) (*en banc*) (observing that ESA case involving an alleged failure to consult on alleged effects to listed species was "a record review

---

[1] Other Circuits are in accord: *Cabinet Mountains Wilderness/Scotchman's Peak Grizzly Bears v. Peterson*, 685 F.2d 678, 685 (D.C. Cir. 1982) (reviewing ESA claims based on the APA's standard and a record); *Newton Cty. Wildlife Ass'n v. Rogers*, 141 F.3d 803, 808 (8th Cir. 1998) (same); *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1105 n.3 (10th Cir. 2010) (citing 5 U.S.C. § 706).

case" and is reviewed "under the Administrative Procedure Act"); *San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 601, 603-04 (9th Cir. 2014) (ESA claims are reviewed pursuant to APA standards; evaluating whether expert declarations met any of the traditional four exceptions to record review rules).

In light of established Circuit precedent, *Kraayenbrink* must be read to simply allow supplementation under the recognized limited exceptions to the record review rule, not wholesale (and unexplained) abandonment of administrative review principles for ESA citizen-suit claims. Indeed, other courts in the Ninth Circuit have adopted such a reading. *See All. for the Wild Rockies v. Kruger*, 950 F. Supp. 2d 1172, 1177 (D. Mont. 2013) (finding that after *Kraayenbrink* "the traditional four exceptions still apply to plaintiffs' requests for supplementation of the administrative record for ESA claims, but the narrowness of the construction and application of these exceptions . . . should be relaxed for such claims"); *see also Ctr. for Biological Diversity v. Wolf*, 447 F. Supp. 3d 965, 972 (D. Ariz. 2020) (same).

Accordingly, the only question remaining is whether, even if Plaintiffs had appropriately moved for the Court to consider their extra-record materials, the declarations are submitted for proper supplemental purposes. As explained below, they are not.

**D.      Plaintiffs Improperly Use the Declarations to Attack the Agencies' Conclusions.**

The Ninth Circuit permits supplemental record evidence under four narrowly-circumscribed exceptions, namely:

> (1) if admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) if the agency has relied on documents not in the record, (3) when supplementing the record is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith.

*Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) (citation and quotations omitted). The Ninth Circuit has "approached these exceptions with caution, lest 'the exception . . . undermine the general rule.'" *San Luis & Delta-Mendota Water Auth.*, 747 F.3d at 603 (quoting *Lands Council*, 395 F.3d at 1030).

Additionally, it is well-settled that a "judicial venture outside the record can . . . never, under *Camp v. Pitts*, examine the propriety of the decision itself." *Env't Def. Fund, Inc. v. Costle*, 657 F.2d 275, 286 (D.C. Cir. 1981). To that end, the Ninth Circuit has consistently rejected the notion that consideration of extra-record evidence is ever proper for the purpose of attacking an agency's underlying analysis and conclusions. *Nw. Env't Advocs. v. Nat'l Marine Fisheries Serv.*, 460 F.3d 1125, 1144-45 (9th Cir. 2006); *Asarco*, 616 F.2d at 1160 (extra-record evidence "to determine the correctness or wisdom of the agency's decision is not permitted"); *Inland Empire Pub. Lands Council v. Schultz*, 992 F.2d 977, 981 (9th Cir. 1993) ("We are in no position to resolve this dispute because we would have to decide that the views of Council's experts have more merit than those of the [government's] experts.") (citation and internal quotations omitted); *see Alsea Valley All. v. Evans*, 143 F. Supp. 2d 1214, 1217 (D. Or. 2001) (granting motion to strike explanation of administrative record because it was offered for its expert opinion, and not to "explain" complex technical information).

Plaintiffs now proffer the Busch and Espinosa declarations in an attempt to challenge *de novo* an issue previously brought before and reviewed by the agencies, and to improperly attack the ultimate scientific conclusions reached by the agencies. Plaintiffs use these declarations to attack the merits of the agencies' decision not to reinitiate consultation, to attack the NMFS' analysis and conclusions in the Biological Opinion, and to challenge the Forest Service's

determinations that they complied with NEPA and NFMA. The Ninth Circuit has made clear that this is plainly improper. *San Luis & Delta-Mendota Water Auth.*, 747 F.3d at 604.

First, the extra-record evidence seeks to improperly undermine a specific agency decision supported by a complete agency record. Courts have distinguished between admitting extra-record evidence to challenge an ongoing violation as opposed to a prior determination by an agency. *See Ctr. for Biological Diversity v. Ross*, 349 F.Supp.3d 38, 45-46 (D.D.C. 2018) (finding that whether the alleged agency action is a prior determination or ongoing "matters in terms of the appropriate scope of review"). By avoiding discussing, or even referencing, the portions of the record where the agencies explicitly consider the methods and information raised by these Declarations, Plaintiffs create the illusion that the agencies have not considered such information and therefore that the alleged violation—the failure to consider the information—is ongoing. *See* Pls. Br. at 24-25. As discussed at length above, this is simply not true. The agencies' decision to not reinitiate consultation and the reasons for that decision are well-documented in a complete agency record. *See* NMFS012221-33, 012489-99.

Additionally, the declarations attempt to improperly undermine the scientific conclusions reached by the agencies. The Busch Declaration explicitly opines on the merits of NMFS' findings in the Biological Opinion. Paragraph 15 of the declaration posits the following question: "is steelhead persistence in Lolo Creek likely to be substantially influenced by the incidental take acknowledged in the [Biological Opinion]?" ECF No. 21-2 at ¶ 15. The Biological Opinion's answer to this question is a resounding "no," finding that the Lolo Project will have only minor effects on the Lolo Creek steelhead population. *See* NMFS012440-43. However, the Busch Declaration does not acknowledge this analysis in the Biological Opinion and instead discusses the "potential extinction" of the population based on the same small-population theories relied on

by NMFS. *See* ECF No. 21-2 at ¶¶ 15-16; *see also* NMFS006821, NMFS008466, NMFS012388. The Busch Declaration also claims that the impacts of the Lolo Project on steelhead as a whole "requires a thorough investigation that is absent in the record of decision." *Id.* at ¶ 16. Again, the declaration ignores the portion of the Biological Opinion where NMFS scaled up its analysis to determine if the Lolo Project would appreciably reduce the likelihood of both the survival and recovery of the steelhead distinct population segment. *See* NMFS011833, NMFS011835.

Similarly, Plaintiffs submit the Espinosa declaration to challenge the Forest Service's determination that it complied with the Forest Plan under NFMA and that the final environmental impact statement took a hard look at the potential effects of sedimentation and cobble embeddedness under NEPA. ECF No. 21-1 at 30. But Plaintiffs already submitted a declaration from Mr. Espinosa during the administrative process, and are now simply attempting to tailor a new declaration toward challenging the Forest Service's decisions in this litigation. *See* FS-057216-30. This is wholly inappropriate, as review of Plaintiffs' NFMA and NEPA claims are confined to the record, and Plaintiffs' have not shown that any record exception applies.

In cases such as this, which involve an agency's scientific or technical expertise, the Ninth Circuit has recognized that any consideration of extra-record expert testimony that was not before the agency "inevitably leads the reviewing court to substitute its judgment for that of the agency." *Asarco*, 616 F.2d at 1160. In *Asarco*, the Ninth Circuit found that expert testimony submitted to the district court:

> was plainly elicited for the purpose of determining the scientific merit of the EPA's decision. Although the testimony may have served some marginal purpose in allowing the district court to evaluate the EPA's court of inquiry, we can only conclude that the extent of the scientific inquiry undertaken at trial necessarily led the district court to substitute its judgment for that of the agency.

*Id.* at 1161. Thus, as the Ninth Circuit has made clear, the "[c]onsideration of [extra-record] evidence to determine the correctness or wisdom of the agency's decision is not permitted." *Id.* at

1160; *see also Rybachek v. EPA*, 904 F.2d 1276, 1296 n.25 (9th Cir. 1990) (post-decisional information may not be used as rationalization for sustaining or attacking agency's decision); *San Luis & Delta-Mendota Water Auth.*, 747 F.3d at 604 (reversing district court for relying on expert declarations to reject a biological opinion). The only information in the Busch and Espinosa Declarations related to Plaintiffs' reinitiation claims that the agencies had not yet considered are the opinions of the declarants themselves about the merits of the agencies' previous analyses— there is no information gap that these Declarations seek to fill. *See All. v. U.S. Dep't of the Interior*, No. 4:20-cv-00059-BMM, 2020 WL 7427517, at *4 (D. Mont. Dec. 18, 2020) (denying motion to supplement the administrative record where "Plaintiffs fail to show what hole in the administrative record the [extra-record evidence] would fill"). Accordingly, the Declarations can serve but one purpose: an attempt to improperly challenge scientific decisions made by the agencies.

The facts in *Kraayenbrink* serve as a foil to the circumstances presented in this matter, further illustrating that case's inapplicability here. In *Kraayenbrink*, the plaintiffs challenged amendments to grazing regulations issued in 2006 by the Bureau of Land Management ("BLM"), alleging that BLM's failure to consult violated ESA Section 7.  632 F.3d at 476. BLM had concluded consultation was not necessary because it viewed the amendments as purely administrative and consequently found they would not affect species listed under the ESA, allegedly without considering expert analysis about the impacts of the regulations. *Id.* at 495-96. The extra-record declarations submitted by the *Kraayenbrink* plaintiffs contained underlying factual information about the potential effects of the regulations that the court found BLM should have considered but did not. 632 F.3d at 497-98. In other words, the court indicated that the declarations fell within the first exception of the extra-record document review rule: they were

admitted to determine whether BLM had considered all relevant factors and had explained its decision. *See Lands Council*, 395 F.3d at 1030.

Here, unlike in *Kraayenbrink*, the relevant factors Plaintiffs present in their declarations were considered by the agencies and are already part of the record. Instead, the extra-record declarations submitted by Plaintiffs argue that the agencies should have reached a different conclusion based on the same assumptions already considered by the agencies. Stated differently, they are improper attempts "to determine the correctness or wisdom of the agency's decision." *Asarco*, 616 F.2d at 1160.

The Court should strike them on this basis.

### E.      References to Extra-Record Testimony in Plaintiffs' Brief Should Be Stricken.

Where extra-record materials are referenced in, or attached to a brief, it is well-established that not only the material, but also references in a brief and argument based upon it, should be stricken. *See Gallatin Wildlife Ass'n v. U.S. Forest Serv.*, CV-15-27-BU-BMM, 2016 WL 6684197, at *1 (D. Mont. Apr. 7, 2016) (striking portions of plaintiffs' brief relying on declaration where the declaration included the declarant's opinion and provided "ultimate conclusions"); *see also Rybachek*, 904 F.2d at 1296 n.25 (granting motion to strike portions of petitioners' brief that included and relied on extra-record material); *Nat'l Res. Def. Council, Inc. v. EPA*, 683 F.2d 752, 753-54 n.2 (3d Cir. 1982). Accordingly, the Court should strike: pages 24:1 to 24:26; 25:9 to 25:12; and 30:11-15 from Plaintiffs' brief.

### II.     Should the Court Consider Plaintiffs' Declarations, It Should Likewise Consider the Rebuttal Declarations Submitted by Federal Defendants

Even if Plaintiffs had made a showing that the administrative records are inadequate for judicial review, and further explanation were necessary, the Supreme Court is clear that any further "explanation" must come from the agency—not Plaintiffs or their declarants. *Camp*, 411 U.S. at

13

142-43 ("If . . . there was such failure to explain administrative action as to frustrate effective judicial review, the remedy [is] not to hold a de novo hearing but . . . to obtain *from the agency*, either through affidavits or testimony, such additional explanation of the reasons for the agency decision as may prove necessary." (emphasis added)); *Overton Park*, 401 U.S. at 420 ("[T]he court may require the administrative officials who participated in the decision to give testimony explaining their action" when this is "the only way there can be effective judicial review.").

Because Plaintiffs did not properly move for consideration of their declarations prior to summary judgment briefing, Federal Defendants will not have the benefit of the Court's ruling on the consideration of these declarations prior to filing their own cross-motion for summary judgment.  Accordingly, should the Court determine that the record review exceptions are satisfied in this case and Plaintiffs' declarations should be considered, Federal Defendants are filing a rebuttal declaration to further explain the agencies' consideration of issues discussed in the Busch and Espinosa Declarations.  Should the Court grant the Federal Defendants' motion to strike, the Court need not consider this rebuttal declaration.

## CONCLUSION

Even if Plaintiffs had properly moved the court to admit the extra-record declaration testimony in question, which they did not, Plaintiffs improperly offer the declarations to attack the scientific merit of the decision to not reinitiate consultation, to attack NMFS' analysis and conclusions in the Biological Opinion, and to challenge the Forest Service's determinations that they complied with NEPA and NFMA.  Nor have Plaintiffs shown that any of the narrow exceptions to the record-review doctrine applies, as is their burden. Thus, the materials described above, including arguments based thereon in Plaintiffs' brief, should be stricken, as set forth in the attached proposed order.

Respectfully submitted on this 1st day of March, 2021.

JEAN E. WILLIAMS
Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division


*/s/ Nicole M. Smith*
NICOLE M. SMITH
Trial Attorney, CA Bar No. 303629
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
(202) 305-0368 (tel)
(202) 305-0275 (fax)
Nicole.M.Smith@usdoj.gov

*Counsel for Federal Defendants*