1  BRYAN TELEGIN, WSBA No. 46686
2  ZACHARY K. GRIEFEN, WSBA No. 48608
   DAVID A. BRICKLIN, ISB No. 8565

3
   Bricklin & Newman, LLP
4  1424 Fourth Avenue, Suite 500
   Seattle, WA 98154
5  Telephone: (206) 264-8600
   Facsimile: (206) 264-9300
6  telegin@bnd-law.com
7  griefen@bnd-law.com
   bricklin@bnd-law.com
8
   *Attorneys for Plaintiffs*
9

10

11

12              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF IDAHO
13

14  FRIENDS OF THE CLEARWATER and
    ALLIANCE    FOR    THE    WILD
15  ROCKIES,
                                          NO. 3:20-cv-00322-BLW
16                          Plaintiffs,

17         v.

18  UNITED STATES FOREST SERVICE;        PLAINTIFFS' MEMORANDUM IN
    VICKI CHRISTIANSEN, Chief of the     RESPONSE TO DEFENDANTS'
19  Forest  Service;  CHERYL  PROBERT,   MOTION TO STRIKE
    Forest Supervisor for the Nez Perce-
20  Clearwater National Forests; LEANNE  ORAL ARGUMENT REQUESTED
    MARTEN, Regional Forester for Region
21  1 for the U.S. Forest Service; and NOAA-
    FISHERIES,
22
23                         Defendants.

24

25

26

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

# TABLE OF CONTENTS

Page

I.      INTRODUCTION..................................................................................................... 1

II.     ARGUMENT .......................................................................................................... 3

        A.      Plaintiffs' Extra-Record Declarations are Cognizable Even If
                Plaintiffs' ESA Failure to Reinitiate Claim May Only Be Brought
                Against the Forest Service............................................................................. 3

        B.      The Court May Consider Extra-Record Evidence Supporting
                Plaintiffs' ESA Citizen Suit Claims............................................................. 6

        C.      While the APA's Standard of Review May Apply to ESA Citizen
                Suit Claims, the APA's Scope of Review Does Not..................................... 11

        D.      Defendants' Discussion of the Difference Between an Ongoing
                Violation and a Prior Determination is a Red Herring................................. 13

        E.      The Court May Consider-Extra Record Evidence even if Plaintiffs'
                Claims Are Brought Under the APA.............................................................. 14

                1.      Declaration of Jeremiah Busch, ECF 21-2...................................... 16

                2.      Declaration of Al Espinosa, ECF 21-4............................................ 18

        F.      Plaintiffs Have No Objection to the Court Considering the
                Declaration of Kenneth Troyer .................................................................... 19

III.    CONCLUSION ...................................................................................................... 19

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE - ii

**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

1

2

**TABLE OF AUTHORITIES**

3

<u>Cases</u>                                                                                                                                                 <u>Pages</u>

4

*Alpine Lakes Protection Society v. U.S. Forest Serv.,* 838 F. Supp. 478 (W.D.
Wash. 1993) ........................................................................................................................ 15

5

6

*Asarco, Inc. v. U.S. Env't Prot. Agency*, 616 F.2d 1153 (9th Cir. 1980)..................................... 15

7

*Bennett v. Spear*, 520 U.S. 154 (1997) ....................................................................................... 3

8

*Ctr. for Biological Diversity v. Env't Prot. Agency*, 847 F.3d 1075 (9th Cir.
2017) ................................................................................................................................... 13

9

10

*Ctr. for Biological Diversity v. Ross*, 349 F. Supp. 3d 38 (D.D.C. 2018)................................... 13

11

*Conservation Cong. v. United States Forest Serv.*, No. 2:13-CV-00934-
JAM-DB, 2020 WL 2770068 (E.D. Cal. May 28, 2020)..................................................... 8

12

13

*Cottonwood Envtl. Law Ctr. v. U.S. Forest Service*, 789 F.3d 1075 (9th Cir.
2015) ................................................................................................................................... 14

14

*Defs. of Wildlife v. Martin*, 454 F. Supp. 2d 1085 (E.D. Wash. 2006) ................................. 12, 13

15

16

*Defs. of Wildlife v. Tuggle*, No. 08-280 TUC DCB, 2009 WL 10673072 (D.
Ariz. Aug. 25, 2009)........................................................................................................... 11

17

18

*Ellis v. Housenger*, No. C-13-1266 MMC, 2015 WL 3660079 (N.D. Cal.
Jun. 12, 2015) ....................................................................................................................... 9

19

*Env't Prot. Info. Ctr. v. Simpson Timber Co.*, 255 F.3d 1073 (9th Cir. 2001) ............................ 13

20

*Friends of River v. NMFS*, 293 F.Supp.3d 1151 (E.D. Cal. 2018) ................................................ 9

21

*Friends of the Clearwater v. Higgins*, No. 2:20-CV-00243-BLW, 2021 WL
827015 (D. Idaho Mar. 4, 2021)......................................................................................... 10

22

23

*Gifford Pinchot Task Force v. U.S. Fish & Wildlife Serv.*, 378 F.3d 1059
(9th Cir. 2004) .................................................................................................................... 13

24

*Ground Zero Ctr. for Non-Violent Action v. U.S. Dep't of the Navy*, 383
F.3d 1082 (9th Cir. 2004)..................................................................................................... 7

25

26

**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

*Hausrath v. United States Dep't of the Air Force*, No. 1:19-CV-00103-CWD, 2020 WL 5848094 (D. Idaho Oct. 1, 2020) ........................ 18

*Hells Canyon Pres. Council v. Jacoby*, 9 F.Supp.2d 1216 (D. Or. 1998)........................... 15

*Hoopa Valley Tribe v. NMFS*, 230 F.Supp.3d 1106 (N.D. Cal. 2017) ..................................... 9, 11

*Hoopa Valley Tribe v. Nat'l Marine Fisheries Serv.*, 230 F. Supp. 3d 1106 (N.D. Cal. 2017), *modified sub nom. Tribe v. U.S. Bureau of Reclamation*, No. 3:16-CV-04294-WHO, 2017 WL 6055456 (N.D. Cal. Mar. 24, 2017), *order clarified sub nom. Tribe v. Nat'l Marine Fisheries Serv.*, No. 16-CV-04294-WHO, 2018 WL 2010980 (N.D. Cal. Apr. 30, 2018)........................ 8

*Indigenous Env't Network v. United States Dep't of State*, No. CV-17-29-GF-BMM, 2017 WL 9280323 (D. Mont. Dec. 12, 2017)........................ 11

*Inland Empire Pub. Lands Council v. U.S. Forest Serv.*, 88 F.3d 754 (9th Cir.1996) ............................................................................................... 16

*Karuk Tribe of California v. U.S. Forest Serv.*, 681 F.3d 1006 (9th Cir. 2012)........................................................................................ 7, 8, 9, 10

*Lands Council v. Powell*, 395 F.3d 1019 (9th Cir. 2005) ................................ 14, 15, 17

*Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 130 S.Ct. 2743, 177 L.Ed.2d 461 (2010) ......................................................................................... 1

*Nat. Res. Def. Council v. Zinke*, 347 F. Supp. 3d 465 (E.D. Cal. 2018) ...................................... 11

*NRDC v. Zinke*, 2017 WL 3705108 ...................................................................... 11

*Northwest Coal. for Alternatives to Pesticides v. EPA*, 920 F.Supp.2d 1168 (W.D. Wash. 2013) ................................................................................ 8, 9

*Nw. Env't Advocs. v. United States Fish & Wildlife Serv.*, No. 3:18-CV-01420-AC, 2019 WL 6977406 (D. Or. Dec. 20, 2019)........................ 12

*Pac. Shores Subdivision, California Water Dist. v. U.S. Army Corps of Engineers*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006) ............................................ 2

*Salmon Spawning & Recovery All. v. Gutierrez*, 545 F.3d 1220 (9th Cir. 2008)........................................................................................... 13

*San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581 (9th Cir. 2014)........................................................................................ 8, 10

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE - iv

**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

*United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 83 S.Ct. 1409, 10 L.Ed.2d 652 (1963) ................................................................................................ 12

*Ursack, Inc. v. Sierra Interagency Black Bear Group*, 2009 WL 2422784 (N.D. Cal. 2009) ................................................................................................ 15

*Vill. of False Pass v. Clark*, 733 F.2d 605 (9th Cir. 1984) .............................. 7

*Washington Toxics Coalition v. EPA,* 413 F.3d 1024 (9th Cir. 2005) ..................... 1, 3, 4, 8, 9, 14

*W. Watersheds Project v. Kraayenbrink*, 538 F. Supp. 2d 1302 (D. Idaho 2008), *aff'd in part, vacated in part, remanded,* 620 F.3d 1187 (9th Cir. 2010), and *aff'd in part, vacated in part, remanded,* 632 F.3d 472 (9th Cir. 2011) ................................................................................................ 2

*W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472 (9th Cir. 2011) ....... 2, 3, 4, 8, 9, 10, 13, 14

*W. Watersheds Project v. Schneider*, 417 F. Supp. 3d 1319 (D. Idaho 2019), *appeal dismissed sub nom. W. Watersheds Project v. Bernhardt,* No. 19-36065, 2020 WL 3256842 (9th Cir. Mar. 27, 2020) ......................... 15

*WildEarth Guardians v. United States Fish & Wildlife Serv.*, No. CV 13-151-TUC-RCC, 2014 WL 12729290 (D. Ariz. July 22, 2014) ......................... 8

*WildEarth Guardians v. U.S. Forest Serv.*, No. 1:19-CV-00203-CWD, 2020 WL 2239975 (D. Idaho May 7, 2020) ................................................. 3

*Wild Fish Conservancy v. Pritzker*, No. C-16-0223-JCC, 2016 WL 9175633 (W.D. Wash. Jun. 30, 2016) .......................................................... 9

*Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008) .................................................................... 1

*Yurok Tribe v. USBOR*, 231 F.Supp.3d 450 (2017) .................................. 9, 11

**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

1

### I.   INTRODUCTION

2

Plaintiffs Friends of the Clearwater and Alliance for the Wild Rockies respectfully oppose

3

4

the Motion to Strike Plaintiffs' Declarations brought by Defendants United States Forest Service

5

and NOAA Fisheries (ECF 25). Plaintiffs bring claims under the Endangered Species Act's citizen

6

suit provision, alleging that Defendants failed to reinitiate consultation under Endangered Species

7

Act ("ESA") Section 7 in light of new information showing a drastic drop in the number of

8

returning steelhead and a changed project. Because reinitiation was required, and Defendants are

9

violating their ongoing duty to commence reinitiation, the 2019 Biological Opinion ("BiOp") and

10

Incidental Take Statement ("ITS") no longer shield the Forest Service from its admitted take of

11

threatened Snake River Basin steelhead. Plaintiffs also bring claims under the National Forest

12

Management Act and National Environmental Policies Act challenging the Defendants' Record of

13

Decision ("ROD") and accompanying BiOp and ITS.

14

15

In their motion to strike, Defendants argue that this Court's review is limited to the

16

administrative record that was before the agencies at the time of the Lolo Insect and Disease ROD,

17

BiOp, and ITS. Defendants are wrong.

18

Defendants' motion to strike fails to mention the Ninth Circuit's controlling decision here,

19

*Washington Toxics Coalition v. EPA,* 413 F.3d 1024 (9th Cir. 2005).[1] In *Washington Toxics,* the

20

Ninth Circuit rejected the argument that the APA governs judicial review of claims alleging that a

21

22

federal agency violated ESA Section 7. *Washington Toxics*, 413 F.3d at 1034 (the "ESA creates an

23

24

_____

25

[1] *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008), and *Monsanto Co. v. Geertson Seed Farms,* 561 U.S. 139, 130 S.Ct. 2743, 177 L.Ed.2d 461 (2010) abrogated the holding of *Washington Toxics* as to the presumption of irreparable injury where there has been a procedural violation of the ESA, but *Washington Toxics* remains good law as to the scope of review in ESA citizen suits.

26

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE - 1

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

express, adequate remedy" for Section 7 claims and "[b]ecause this substantive statute independently authorizes a private right of action, the APA does not govern the plaintiffs' claims.").

Defendants cite, and attempt to distinguish, *W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472 (9th Cir. 2011). But *Kraayenbrink* is on point and controlling. In *Kraayenbrink*, the plaintiffs had submitted extra-record declarations supporting their "may effect" argument for reinitiation of consultation under Section 7 of the ESA. The Ninth Circuit's ruling was clear and unequivocal: courts "may consider evidence outside the administrative record for the limited purposes of reviewing Plaintiffs' ESA claim." *W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 497 (9th Cir. 2011).

Defendants do not even acknowledge this District Court's holding in *W. Watersheds Project v. Kraayenbrink*, 538 F. Supp. 2d 1302 (D. Idaho 2008), *aff'd in part, vacated in part, remanded,* 620 F.3d 1187 (9th Cir. 2010), and aff'd *in part, vacated in part, remanded,* 632 F.3d 472 (9th Cir. 2011). In *Kraayenbrink,* this District Court denied the defendant's motion to strike extra-record evidence, stating in no uncertain terms: "The Court is not bound, however, to the Administrative Record." *Kraayenbrink*, *supra*, 538 F. Supp. 2d at 1323 (D. Idaho 2008). The Ninth Circuit affirmed Judge Winmill, unsurprisingly, given its earlier decision *Washington Toxics*.

This is not a situation where Defendants were surprised at the introduction of extra-record evidence.[2] Defendants' assertion that Plaintiffs raised the issue only in a "one-sentence footnote in their memorandum in support of summary judgment" (ECF 25-1 at 4) is not true. Plaintiffs made

---

[2] Nor is this a situation where Plaintiffs' extra-record declarations can only come as supplementations to the administrative record. Defendants confuse supplementing the record with admitting extra-record evidence. Supplementing the record means "adding to the volume of the administrative record with documents the agency considered," while admitting extra-record evidence means "viewing evidence outside of or in addition to the administrative record that was not necessarily considered by the agency." *Pac. Shores Subdivision, California Water Dist. v. U.S. Army Corps of Engineers*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006).

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE - 2

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

it clear to Defendants (and the Court) as early as the parties' litigation plan and initial scheduling conference that "ESA citizen-suit claims against federal agencies are not limited to an administrative record." ECF 15 at 2. But in the face of clear law in this Circuit (and this Court), Defendants move to strike Plaintiffs' extra-record declarations. The declarations submitted by Plaintiffs are relevant and will be helpful to the Court. They are allowed under *Washington Toxics* and *Kraayenbrink*. And even if they were not allowed in the context of ESA citizen suit claims (which they are), the Court could consider them under the four-factor test for extra-record evidence in APA cases. Defendants' motion should be denied.

## II.     ARGUMENT

### A.     Plaintiffs' Extra-Record Declarations are Cognizable Even If Plaintiffs' ESA Failure to Reinitiate Claim May Only Be Brought Against the Forest Service

Defendants argue that Plaintiffs' First Claim alleging a failure to reinitiate consultation under Section 7 of the ESA may only be brought against the Forest Service, citing *Bennett v. Spear*, 520 U.S. 154 (1997). Defendants' reading of *Bennet* is plausible, but a recent decision in this District calls it into question:

> While the USFS does not dispute it is a proper defendant in Count I, FWS argues it is not, urging dismissal because FWS lacks the legal authority to reinitiate consultation, and claiming the authority to do so lies solely with the action agency – the USFS. The Court finds these arguments without merit, however, pursuant to statutory and regulatory authority, and the interpretation of the plain language of that authority, by the United States Court of Appeals for the Ninth Circuit.

*WildEarth Guardians v. U.S. Forest Serv.*, No. 1:19-CV-00203-CWD, 2020 WL 2239975, at *4 (D. Idaho May 7, 2020). *See also id.* at *5 ("The court in *Alliance for Wild Rockies* explained that the regulatory language differs between initial consultation, set forth in 50 C.F.R. § 402.14(a), and reinitiation of consultation, set forth in 50 C.F.R. § 402.16. 412 F.Supp. 3d at 1201. 'Reinitiation under § 402.16 ... obligates either the action agency or the [consulting agency] to act.' *Id.*").

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE - 3

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

1

2          As noted in Plaintiffs' response to Defendants' motion for summary judgment filed

3   concurrently with this response, Plaintiffs' failure to reinitiate claim against NOAA may still

4   proceed under the APA, even if this Court decides that an ESA citizen suit alleging failure to

5   reinitiate consultation is not available against NOAA. But in any event, Defendants admit that

6   Plaintiffs' ESA citizen suit is properly brought against the Forest Service. ECF 25-1 at 6. Based on

7   that admission alone, Plaintiffs' extra-record declarations are properly before the Court.

8          Defendants question how Plaintiffs' extra-record declarations can attack NOAA's analysis

9   in the BiOp, if the failure to reinitiate claim is only properly brought against the Forest Service.

10  The answer is simple. Plaintiffs were attacking what they perceived as the most likely defenses that

11  would be made by the Defendant federal agencies. Plaintiffs cannot control which Defendant would

12  raise those defenses. But Plaintiffs presumed that the Forest Service would rely on NOAA for the

13  reasons why reinitiation was not required (as, indeed, it did). Consequently, Plaintiffs' declarations

14  attack the analysis in the BiOp, as well as the analysis in the joint letter to Plaintiffs from both

15  Defendants stating that Defendants decline to reinitiate consultation. NMFS012489 *et seq*. But the

16  simple fact is that Plaintiffs have a brought an ESA citizen suit claim against Forest Service, and

17  Plaintiffs are allowed to enter extra-record evidence in support of that claim under *Washington*

18  *Toxics* and *Kraayenbrink*.

19

20         Plaintiffs' extra-record declarations put before the Court information that the Defendant

21  federal agencies failed to consider. That information is relevant and important to the question of

22  whether reinitiation of consultation is required, in light of the drastically reduced number of

23  steelhead returning from the ocean in 2018 and 2019.

24

25

26

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE - 4

**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

For example, the internal memorandum from NOAA Fisheries Biologist Ben Matibag to NOAA Branch Chief Kenneth Troyer (NMFS012221 *et seq*.), which sets out Defendants' reasoning for declining to reinitiate consultation, states:

> Project associated effects will still not be substantial enough to negatively influence VSP criteria at the population scale as the Lolo Creek population is already at a high risk of extinction with an overall high risk VSP rating and this classification will not change based on this new information as this is the highest level risk that can be assigned to a population. . . . This project, by not affecting the VSP components of the Lolo Creek population, will not affect the VSP of the Clearwater MPG nor will it affect the survival and recovery of the Snake River Basin steelhead DPS.

NMFS012227. But the Declaration of Busch, ECF 21-2, points out that while the VSP risk category may stay the same, "this does not mean that populations with 10-50 individuals have the same extinction risk as populations with 500-1,000 [because] the smallest populations are fundamentally more vulnerable to loss[.]" Busch Dec., ECF 21-2 at ¶ 16. And "once populations number less than 50 individuals, prospects for the persistence of populations decline precipitously[.]" *Id.* at ¶ 15. There is no evidence that the Defendants thought of this. There is certainly no evidence that they considered and analyzed this in the context of NOAA Regional Administrator Barry Thom's post-BiOp warning of sharply reduced returning steelhead numbers.

The "early warning" sounded by NOAA Regional Administrator Barry Thom in his October 23, 2019 letter (ECF 1, Attachment A) was based on sharp steelhead declines in 2018–2019. Administrator Thom's 2019 letter notes that the early warning "will alert NOAA Fisheries and the Action Agencies to a decline in a species' abundance level for natural-origin adults that warrants further scrutiny because it indicates that a Significant Decline . . . may be reached in one to two years." *Id.* at n. 2.  That is very alarming, because NOAA Fisheries Biologist Ben Matibag's memorandum notes that the Lolo Creek steelhead population reached a low of 106 returning steelhead in 2017–2018. NMFS012228. How much lower can the Lolo Creek steelhead population

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

drop before the consulting and action agencies decide reinitiation of consultation is warranted? Administrator Thom's warning "that a Significant Decline . . . may be reached in one to two years" was written in October 2019. That was approximately a year and half ago. To Plaintiffs' knowledge, the Lolo Project has only just begun to be implemented. It is completely possible that the annual Lolo Creek steelhead run will drop below 50 spawners during the course of the Lolo Project. But according to Defendants' reasoning, that would not change the VSP category of Lolo Creek steelhead, so the Lolo Project will not affect steelhead in a manner or to an extent any differently than when there were 680 returning steelhead in 2012–2013. NMFS012228. The Declaration of Busch is necessary, because it brings before the Court information about an important aspect of the problem that the Defendants failed to consider or analyze. Because Defendants failed to consider or analyze this information, it is not in the record.

Plaintiffs' ESA citizen suit claim against the Forest Service can proceed, even if NOAA's failure to reinitiate consultation must be considered as a maladministration claim under the APA.[3] Because Plaintiffs' ESA citizen suit may proceed, Plaintiffs' extra-record evidence is proper and Defendants' motion to strike should be denied.

**B.     The Court May Consider Extra-Record Evidence Supporting Plaintiffs' ESA Citizen Suit Claims**

It is abundantly clear that Plaintiffs may introduce, and the Court may admit, extra-record evidence in support of Plaintiffs' ESA claims. *Kraayenbrink* unequivocally held this at both the District Court and Ninth Circuit levels. Defendants cite several Ninth Circuit cases to support the opposite conclusion, but these cases are inapplicable, as explained below.

---

[3] As noted above, it is far from clear that ESA failure to reinitiate claims are barred against consulting agencies.

**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

In *Vill. of False Pass v. Clark*, 733 F.2d 605 (9th Cir. 1984), a pre-*Kraayenbrink* case, the Court stated (and Defendants cite): "Because ESA contains no internal standard of review, section 706 of the Administrative Procedure Act, 5 U.S.C. § 706, governs review of the Secretary's actions." *Id*. at 609. But this statement was made in the context of deciding what *standard* of review applies, not what the *scope* of review should be. *See id*. at 610 ("the Village did not raise 'issues that were not before the agency' in its ESA claims, *see* 5 U.S.C. § 706(2)(F) (narrow exceptions for de novo review), so the normal 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law' standard applies."). And the issue in *Vill. of False Pass* was whether the action agency had irrevocably committed resources before completing consultation under ESA Section 7, not whether consultation (or reinitiated consultation) was required at all. That is a very different issue than the one presented by Plaintiffs' First Claim here: whether Defendants violated the ESA by failing to reinitiate consultation in light of new information and a changed project.

In *Ground Zero Ctr. for Non-Violent Action v. U.S. Dep't of the Navy*, 383 F.3d 1082 (9th Cir. 2004), another pre-*Kraayenbrink* case, the Court never talked about whether the ESA claim was a record review claim or not. And it did not matter. The Court's conclusion rested on the fact that the challenged action was non-discretionary, so there was no point in consulting. *See id*. at 1092 ("We reject Ground Zero's contention [that the Navy violated section 7 of the ESA because the Navy did not consult with NOAA] first because the Navy lacks the discretion to cease Trident II operations at Bangor for the protection of the threatened species."). *Ground Zero*, 383 F.3d at 1092. Indeed, *Ground Zero* was later cited by the Ninth Circuit for this very proposition: "no duty to consult where Navy lacked discretion to cease missile operations for the protection of listed species[.]" *Karuk Tribe of California v. U.S. Forest Serv.*, 681 F.3d 1006, 1024 (9th Cir. 2012).

**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

1   Defendants only cite two post-*Kraayenbrink* Ninth Circuit cases— *Karuk Tribe of Cal. v.*

2   *U.S. Forest Serv.*, 681 F.3d 1006 (9th Cir. 2012), and *San Luis & Delta-Mendota Water Auth. v.*

3   *Jewell*, 747 F.3d 581 (9th Cir. 2014). Neither case is controlling here, nor do they overrule

4   *Kraayenbrink* and *Washington Toxics*.

5   In *Karuk Tribe*, the Court stated, in a very cursory fashion: "Because this is a record review

6   case, we may direct that summary judgment be granted to either party based upon our review of

7   the administrative record." *Karuk Tribe*, 681 F.3d at 1017. But it did not expressly overrule, or

8   even discuss, *Kraayenbrink*'s holding that extra-record evidence is cognizable in ESA citizen suits.

9   It is unlikely that the Ninth Circuit would take the momentous step of overruling *Kraayenbrink*

10   with no discussion. *See WildEarth Guardians v. United States Fish & Wildlife Serv.*, No. CV 13-

11   151-TUC-RCC, 2014 WL 12729290, at *2 (D. Ariz. July 22, 2014) ("In *Karuk Tribe*, the issue

12   before the court was described by the Ninth Circuit as 'narrow.' Had the Ninth Circuit intended to

13   change the extra-record review rule, it is unlikely that the holding would have been specifically

14   described as narrow, or that the court would not have included any reference to extra-record

15   evidence in its opinion."); *Conservation Cong. v. United States Forest Serv.*, No. 2:13-CV-00934-

16   JAM-DB, 2020 WL 2770068, at *4 (E.D. Cal. May 28, 2020) (adopting *Kraayenbrink*'s citizen

17   suit exception for extra-record evidence and stating: "This Court declines to wade into the thicket

18   of pronouncing when the Ninth Circuit has abrogated a prior decision sub silentio"); *Northwest*

19   *Coal. for Alternatives to Pesticides v. EPA*, 920 F.Supp.2d 1168, 1174 (W.D. Wash. 2013) (holding

20   that "*Karuk Tribe* cannot reasonably be read to implicitly or silently overrule the Ninth Circuit's

21   reasoned holdings that, in circumstances where a plaintiff challenges a federal agency's failure to

22   act under the citizen suit provision of the ESA, review is not confined to an administrative record");

23   *Hoopa Valley Tribe v. Nat'l Marine Fisheries Serv.*, 230 F. Supp. 3d 1106, 1125 (N.D. Cal. 2017),

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE - 8

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

*modified sub nom. Tribe v. U.S. Bureau of Reclamation*, No. 3:16-CV-04294-WHO, 2017 WL 6055456 (N.D. Cal. Mar. 24, 2017), *order clarified sub nom. Tribe v. Nat'l Marine Fisheries Serv.*, No. 16-CV-04294-WHO, 2018 WL 2010980 (N.D. Cal. Apr. 30, 2018) ("Because the ESA provides a citizen suit remedy for plaintiffs' failure to consult claim, the APA's record review provision does not apply").

Moreover, the parties in *Karuk Tribe* stipulated to review on  the record. As noted in *Wild Fish Conservancy v. Pritzker*, No. C16-0223-JCC, 2016 WL 9175633 (W.D. Wash. June 30, 2016):

> In [*Karuk Tribe*], which addressed an ESA claim, the Ninth Circuit stated: "Because this is a record review case, we may direct that summary judgment be granted to either party based upon our review of the administrative record." But, because the parties stipulated to resolve the case in that manner, the issue of the scope of review was never presented to the court. *Karuk Tribe* thus has no impact on the standard set forth in *Washington Toxics* or *Kraayenbrink*.

*Id*. at *1 (internal docket citation omitted). Here, there has been no such stipulation, so *Karuk Tribe* does not inform the outcome of this dispute.

Since *Karuk Tribe*, the federal government has repeatedly lost the same argument it makes here: that one sentence from *Karuk Tribe* overruled established Ninth Circuit precedent. District courts in this Circuit have rejected Defendants' argument and have agreed that this single sentence in *Karuk Tribe*—a case where scope of review was not at issue—did not overrule *Washington Toxics* and *Kraayenbrink*.[4] This Court, in a March 4, 2021 decision, rejected the argument that *Karuk Tribe* overrules *Kraayenbrink*:

> Further refuting Defendants' argument, that *Karuk Tribe* somehow overruled *Kraayenbrink*, is the Ninth Circuit's recent opinion in *National Family Farm Coalition v. U.S. Environmental Protection Agency*, 966 F.3d 893 (9th Cir. 2020).

---

[4] *See Nw. Coal. for Alts. to Pesticides v. EPA*, 920 F.Supp.2d 1168, 1174 (W.D. Wash. 2013); *Ellis v. Housenger*, No. C-13-1266 MMC, 2015 WL 3660079, at *3 (N.D. Cal. Jun. 12, 2015); *Wild Fish Conservancy v. Pritzker*, No. C-16-0223-JCC, 2016 WL 9175633, at n.1 (W.D. Wash. Jun. 30, 2016); *Hoopa Valley Tribe v. NMFS*, 230 F.Supp.3d 1106, 1124–25 (N.D. Cal. 2017); *Yurok Tribe v. USBOR*, 231 F.Supp.3d 450, 468–69 (2017); *Friends of River v. NMFS*, 293 F.Supp.3d 1151, 1164 (E.D. Cal. 2018).

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

1
2
3

There the court recognized that an agency's compliance with the ESA is reviewed under the arbitrary and capricious standard of the APA. *Id.* at 923. But, the court also considered an interim status report the agencies had submitted to Congress, which was not in the administrative record.

4

*Friends of the Clearwater v. Higgins*, No. 2:20-CV-00243-BLW, 2021 WL 827015, at *2 (D. Idaho

5

Mar. 4, 2021). Defendants should lose their argument again, in this case.

6
7

The other post-*Kraayenbrink* Ninth Circuit case cited by Defendants, *San Luis & Delta-*

8

*Mendota Water Auth. v. Jewell*, 747 F.3d 581 (9th Cir. 2014), involved a straightforward attack on

9

a biological opinion: "The district court invalidated a biological opinion by the Fish and Wildlife

10

Service that concluded that the Central Valley and State Water Projects jeopardize the continued

11

existence of a three-inch fish and its habitat. We reverse in part and affirm in part." *Delta-Mendota*,

12

747 F.3d at 591. *Delta-Mendota* was a classic APA case: Did the agency make the correct decision

13

based on the record of that decision? The instant case, by contrast, asks whether the Defendant

14

agencies failed to reinitiate consultation (*i.e.*, failed to act) in light of new information that the

15

agencies did not consider or analyze in the BiOp and a changed project. *Delta-Mendota* is

16
17

inapplicable to Plaintiffs' reinitiation claim. And, as discussed above regarding *Karuk Tribe*, it is

18

unlikely that the Ninth Circuit would take the momentous step of overruling *Kraayenbrink* without

19

discussing the import of that decision—a discussion that appears nowhere in *Delta-Mendota*.

20

In a failure to act case, there is no record. The Defendants say Plaintiffs should have

21

supplemented the record or move to complete the record. But Plaintiffs could have brought their

22

ESA failure to act claim alone. What would happen then? There would be no record to supplement.[5]

23
24

It is true that Defendants included in the "administrative record" post-ROD, post-BiOp

25
26

[5] As explained in Plaintiffs' response to Defendants' summary judgment motion filed concurrently with this response, NOAA's so-called "AR Request to Reinitiate" is no administrative record at all.

**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

documents that they want to rely upon, but that is not a record because they did not take action. *See Defs. of Wildlife v. Tuggle*, No. 08-280 TUC DCB, 2009 WL 10673072, at *2 (D. Ariz. Aug. 25, 2009) ("Absent an agency action, there is no administrative record. Indeed, no 'record' can exist when an agency has failed to perform because a 'record' is, by definition, composed of those documents in front of the agency at the time of its decision.") (internal citations omitted). Plaintiffs made proper use of the declarations of Busch and Espinosa to show that Defendants should have acted to reinitiate consultation, but did not. This Court should follow its own decision in *Kraayenbrink* regarding extra-record evidence in reinitiation cases, which was affirmed on appeal, and the Ninth Circuit's decision in *Washington Toxics*, and deny Defendants' motion to strike.

### C.     While the APA's Standard of Review May Apply to ESA Citizen Suit Claims, the APA's Scope of Review Does Not

Defendants confuse the APA's standard of review with its scope of review. The former is the legal standard by which the Court decides the legality of the decision (*e.g.*, whether it was arbitrary and capricious), while the latter refers to the universe of documents that the Court may consider in making that decision. Courts in this Circuit understand the difference. *See, e.g.*, *Nat. Res. Def. Council v. Zinke*, 347 F. Supp. 3d 465, 500 (E.D. Cal. 2018) ("This Court agrees with the reasoning provided by the district courts in *Yurok Tribe* and *Hoopa Valley Tribe* both of which held that while the APA's standard of review applies to claims arising directly under the ESA because the ESA provides no standard of review, the APA's record review limitations do not apply, so evidence outside the administrative record may be considered") (quoting *NRDC v. Zinke*, 2017 WL 3705108, at *4 and n.10); *Indigenous Env't Network v. United States Dep't of State*, No. CV-17-29-GF-BMM, 2017 WL 9280323, at *1 (D. Mont. Dec. 12, 2017) ("The APA provides the standard of review for the ESA, but does not dictate the scope of judicial review. The Ninth Circuit has

**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

determined that ESA citizen-suit claims, unlike claims reviewed under the APA, are not limited to the administrative record."). *But see Defs. of Wildlife v. Martin*, 454 F. Supp. 2d 1085, 1094 (E.D. Wash. 2006) ("As this is a pure ESA claim, the APA's arbitrary and capricious standard of review *and* its limitations to the administrative record do not apply") (emphasis supplied).

Nor does *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 83 S.Ct. 1409, 10 L.Ed.2d 652 (1963) save Defendants' argument that Plaintiffs' declarations should be stricken. Like the defendant U.S. Fish and Wildlife Service in *Nw. Env't Advocs. v. United States Fish & Wildlife Serv.*, No. 3:18-CV-01420-AC, 2019 WL 6977406 (D. Or. Dec. 20, 2019), Defendants here:

> heavily rel[y] on *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 83 S.Ct. 1409, 10 L.Ed.2d 652 (1963), a case which addressed the appropriate scope of review under the Wunderlich Act. The purpose of the Act was to allow review of federal agency decisions, and accordingly, the Supreme Court limited review to the administrative record and rejected *de novo* review. The citizen-suit provision of the ESA, on the other hand, provides a mechanism by which private individuals can enforce the substantive provisions of the ESA against regulated agencies, and thus adjudication of an ESA citizen-suit claim requires a broader, more searching analysis than the administrative record can provide.

*Nw. Env't Advocs. v. United States Fish & Wildlife Serv.*, No. 3:18-CV-01420-AC, 2019 WL 6977406, at *14 (D. Or. Dec. 20, 2019) (internal quotation omitted). In *Nw. Env't Advocs.*, U.S. Fish and Wildlife Service "fail[ed] to provide any case law overruling *Washington Toxics* and *Kraayenbrink*, and fail[ed] to meaningfully distinguish those cases to demonstrate they do not apply here." *Id*. at *14. Accordingly, the Court denied defendant's motion for an order limiting review of plaintiff's claims arising under the citizen-suit provision of the ESA. *Id*. The same analysis applies here. The APA's scope of review limiting parties to the administrative record does not apply to Plaintiffs' ESA claims and Defendants' motion to strike should be denied.

**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

1

2

    **D.**    **Defendants' Discussion of the Difference Between an Ongoing Violation and a Prior Determination is a Red Herring**

3

4

Defendants note that "Courts have distinguished between admitting extra-record evidence to challenge an ongoing violation as opposed to a prior determination by an agency." ECF 25-1 at

5

6

10. But Defendants notably omit any reference to *Kraayenbrink* in making this argument. In *Kraayenbrink*, as here, the defendant agency did make a decision not to reinitiate consultation. *See*

7

8

*Kraayenbrink, supra*, 632 F.3d at 495 ("Here, the BLM *concluded* that the proposed 2006 Regulations would have no effect on endangered or threatened species or their critical habitat and,

9

10

therefore, did not consult with FWS") (emphasis supplied). So, in that sense, the violation was not

11

ongoing.

12

13

But Defendants have still, to this day, not acted to reinitiate consultation. That is an ongoing violation of the Defendants' duty to reinitiate consultation. *See, e.g.*, *Salmon Spawning & Recovery*

14

15

*All. v. Gutierrez*, 545 F.3d 1220, 1229 (9th Cir. 2008) ("The duty to reinitiate consultation lies with both the action agency and the consulting agency"); *Env't Prot. Info. Ctr. v. Simpson Timber Co.*,

16

17

255 F.3d 1073, 1076 (9th Cir. 2001) (same); *Gifford Pinchot Task Force v. U.S. Fish & Wildlife*

18

*Serv.*, 378 F.3d 1059, 1077 (9th Cir. 2004). In addition, Defendants' failure to reinitiate

19

consultation is an ongoing violation of Defendants' affirmative duty to ensure that the Lolo Project

20

is not likely to jeopardize the continued existence of ESA-listed steelhead. *Defs. of Wildlife v.*

21

*Martin*, *supra*, 454 F. Supp. 2d at 1098. *See also Ctr. for Biological Diversity v. Env't Prot. Agency*,

22

23

847 F.3d 1075, 1084 (9th Cir. 2017) ("An agency's duty to consult, or to reinitiate consultation, applies whether an agency action is 'ongoing' or 'complete'); *Ctr. for Biological Diversity v. Ross*,

24

25

349 F. Supp. 3d 38, 42 (D.D.C. 2018) ("Under § 7, the agency has an ongoing duty to avoid

26

jeopardy that continues regardless of the status of consultation, so long as the agency retains

**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

discretionary control over the action. *See, e.g., Cottonwood Envtl. Law Ctr. v. U.S. Forest Service*, 789 F.3d 1075, 1087-88 (9th Cir. 2015). The provision thus contains a procedural, consultative requirement and a substantive obligation to insure against jeopardy.").

Defendants' issue regarding the existence of an "ongoing violation" is a red herring. This case is no different in this respect from *Kraayenbrink*. As in *Kraayenbrink*, the Defendants' motion to strike should be denied.

**E.     The Court May Consider-Extra Record Evidence even if Plaintiffs' Claims Are Brought Under the APA**

Plaintiffs do not agree that the APA's scope of review limits the record in this case involving ESA citizen suit claims. Plaintiffs seek an order compelling the Defendant agencies to meet their substantive and procedural duties under the ESA by reinitiating consultation. Plaintiffs notified the Defendants and the Court of their position on this issue in the parties' proposed litigation plan and during the first scheduling conference, so Plaintiffs' position should be no surprise. *Kraayenbrink* and *Washington Toxics* clearly allow for the Court's consideration of Plaintiffs' extra-record declarations.

But even if the APA scope of review did apply to Plaintiffs' ESA claims, or if this Court determines that Plaintiffs' claims must proceed under the APA scope of review that applies to Plaintiffs' NFMA and NEPA claims, Plaintiffs' extra-record declarations should come in under the first exception to the "general rule that courts reviewing an agency decision are limited to the administrative record[,]" *Lands Council v. Powell*, 395 F.3d 1019, 1029 (9th Cir. 2005):

> We have, however, crafted narrow exceptions to this general rule. In limited circumstances, district courts are permitted to admit extra-record evidence: (1) if admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) if the agency has relied on documents not in the record, (3) when supplementing the record is necessary to explain technical

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith.

*Lands Council*, *supra*, at 1030 (internal quotations omitted).

If the Court determines that Plaintiffs' declarations must be considered under the *Lands Council* exceptions, they should come in as extra-record materials necessary to determine "whether the agency has considered all relevant factors and has explained its decision[.]" *Id*. Courts in this Circuit "have recognized numerous exceptions to [the] general rule, particularly where extra-record information is used to determine whether an agency considered all of the relevant factors, to explain an agency determination, or to determine whether an agency's 'course of inquiry was insufficient or inadequate.' *Alpine Lakes Protection Society v. U.S. Forest Serv.,* 838 F. Supp. 478, 481 (W.D. Wash. 1993); *see also Hells Canyon Pres. Council v. Jacoby,* 9 F.Supp.2d 1216, 1223 (D. Or. 1998) (collecting cases)." *Ursack, Inc. v. Sierra Interagency Black Bear Group*, 2009 WL 2422784, *6 (N.D. Cal. 2009). As stated by the Ninth Circuit:

> [I]t is both unrealistic and unwise to "straightjacket" the reviewing court with the administrative record. It will often be impossible, especially when highly technical matters are involved, for the court to determine whether the agency took into consideration all relevant factors unless it looks outside the record to determine what matters the agency should have considered but did not. The court cannot adequately discharge its duty to engage in a "substantial inquiry" if it is required to take the agency's word that it considered all relevant matters.

*Asarco, Inc. v. U.S. Env't Prot. Agency,* 616 F.2d 1153, 1160 (9th Cir. 1980).

As this Court has stated: "The Court may properly consider material outside the administrative record . . . to determine whether [the defendant agency] failed to consider important factors in its NEPA analysis." *W. Watersheds Project v. Schneider*, 417 F. Supp. 3d 1319, 1329 (D. Idaho 2019), *appeal dismissed sub nom. W. Watersheds Project v. Bernhardt*, No. 19-36065, 2020 WL 3256842 (9th Cir. Mar. 27, 2020). "Considering extra-record evidence is warranted

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

where the plaintiff alleges that an EIS has neglected to mention a serious environmental consequence, failed adequately to discuss some reasonable alternative, or otherwise swept stubborn problems or serious criticism under the rug." *Id*. (internal quotations and citation omitted). *See also Inland Empire Pub. Lands Council v. U.S. Forest Serv.,* 88 F.3d 754, 760 n. 5 (9th Cir.1996) ("To the extent Mills' declaration is submitted to show that the Service overlooked factors relevant to a proper population viability analysis, we will consider it.").

As explained below, Plaintiffs have met their burden to show that the admission of the declarations is necessary to determine whether the agencies have considered all relevant factors. *See id*. at 1330.

1.    Declaration of Jeremiah Busch, ECF 21-2

Dr. Jeremiah Busch holds a Ph.D. in evolutionary biology and a post-doctorate in population genetics. Dr. Busch is well-qualified to opine on how the risk of extinction increases as a species' population declines. As Dr. Busch puts it in his declaration, "Species that go extinct tend to have few individuals. The same principle applies to the local extirpation of populations or the loss of entire metapopulations at regional scales[.]" Busch Dec., ECF 21-2 at ¶ 8. While this may seem like a point of common knowledge, Defendants have taken the position that once Lolo Creek steelhead declined so far as to put them in the "high risk" VSP bracket, any further declines in the population (short of extinction or local extirpation) are simply not considered: "Project associated effects will still not be substantial enough to negatively influence VSP criteria at the population scale as the Lolo Creek population is already at a high risk of extinction with an overall high risk VSP rating and this classification will not change[.]" NMFS012227 (internal memorandum from NOAA Fisheries Biologist Ben Matibag to NOAA Branch Chief Kenneth Troyer).

**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

1
2
3
4
5
6
7

Dr. Busch's  declaration is necessary to show that NOAA's willful blindness to decreases in the number of spawning steelhead *within the high risk VSP bracket* misses an important aspect of the problem. For example, "the persistence of isolated salmonid populations appears to be relatively unaffected as long as populations exceed 100 individuals . . . However, once populations number less than 50 individuals, prospects for the persistence of populations decline precipitously." Busch Dec., ECF 21-2 at ¶ 15.

8
9
10
11
12
13
14

A hypothetical illustrates Defendants' inadequate analysis: If 101 returning steelhead are in the high risk VSP bracket, and 49 returning steelhead are also in the high risk bracket, their VSP "classification will not change[.]" NMFS012227. And with no change to the VSP classification, Defendants assume there is no reason to reinitiate consultation, even though the population of 49 steelhead is at far greater risk of extirpation and may be affected by logging impacts in a manner or to an extent not previously considered when the agencies analyzed the impacts to 101 steelhead.

15
16
17
18
19
20
21
22
23

Data on the exact current number of Lolo Creek steelhead is missing from the Defendants' administrative record, but "[i]n 1987, 88 gravel nests containing eggs (redds) were identified in Lolo Creek." Busch Dec., ECF 21-2 at ¶ 13. While Lolo Creek steelhead have long been in NOAA's high risk bracket, the new data showing recent, post-BiOp, precipitous declines in the number of returning Snake River Basin steelhead may indicate that the Lolo Creek steelhead population has crossed the perilous threshold to less than 50 individuals. But Defendants simply say, in effect, 'they were at high risk before, they are still at high risk now, so nothing has changed.' Dr. Busch refutes this inadequate analysis in his declaration:

24
25
26

> [T]he smallest populations are fundamentally more vulnerable to loss, and such an outcome in Lolo Creek would further dim hopes for the continued viability of steelhead in the Clearwater MPG. While negative impacts on steelhead caused by the Lolo Insects & Disease Project are "reasonably certain," their impacts on the

**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

potential extinction of steelhead in Lolo Creek requires a thorough investigation that is absent in the record of decision[.]

Busch Dec., ECF 21-2 at ¶ 13. Dr. Busch's declaration is properly before the Court under the first *Lands Council* Exception.

### 2.   Declaration of Al Espinosa, ECF 21-4

Similarly, Al Espinosa is well qualified to opine on the Defendants' failure to consider important aspects of the Lolo Project's impacts on Lolo Creek steelhead. Mr. Espinosa's professional credentials are stated in his 2017 declaration, FS057216. Mr. Espinosa is a fisheries biologist holding a Masters of Science in biology and spent nineteen years of his career working for the Forest Service on the Clearwater National Forest. Mr. Espinosa's extra-record declaration, ECF 21-4, provides his opinion that "the effects of the Lolo Project on Snake River basin steelhead could be much worse, and are likely to affect these steelhead in a manner or to an extent not considered in the 2019 Biological Opinion, in light of the new data showing drastically reduced numbers of returning steelhead." Espinosa Dec., ECF 21-4 at ¶ 6. Mr. Espinosa's opinion provides a needed counterpoint (from a fisheries biologist with nineteen years' experience working for the Forest Service in the Clearwater Forest where the Lolo Project is located) to the Defendants' inadequate analysis that the drastic reduction in steelhead return numbers in 2018–2019 does not change anything.

"The Court may look beyond the record insofar as it is intended to show that the agency's research or analysis was inadequate." *Hausrath v. United States Dep't of the Air Force*, No. 1:19-CV-00103-CWD, 2020 WL 5848094, at *7 (D. Idaho Oct. 1, 2020). Here, Defendants' research and analysis was inadequate, as shown by Plaintiffs' extra-record declarations, and Defendants' motion to strike should be denied.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE - 18

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

1

2

**F.      Plaintiffs Have No Objection to the Court Considering the Declaration of Kenneth Troyer**

3

Anticipating that they are unlikely to prevail on their motion to strike Plaintiffs'

4

declarations, Defendants  filed "a rebuttal declaration to further explain the agencies' consideration

5

of issues discussed in the Busch and Espinosa Declarations." ECF 25-1 at 14; ECF 26-2

6

(Declaration of Kenneth Troyer). Plaintiffs have no objection to the Court's consideration of the

7

Troyer declaration.[6]

8

9

**III.      CONCLUSION**

10

For the reasons above, the Court should deny Defendants' Motion to Strike and consider

11

the extra-record Declarations of Bush and Espinosa.

12

DATED this 22nd day of March, 2021.

13

14

Respectfully submitted,

15

BRICKLIN & NEWMAN, LLP

16

By:      *s/Bryan Telegin*

By:      *s/Zachary K. Griefen*

17

By:      *s/David A. Bricklin*

18

Bryan Telegin, WSBA No. 4668*

Zachary K. Griefen, WSBA No. 48608*

19

David A. Bricklin, ISB No. 8565

*Counsel for Plaintiffs Friends of the*

20

*Clearwater and Alliance for the Wild Rockies*

21

*\*Counsel admitted pro hac vice*

22

23

24

25

---

[6] Plaintiffs file the extra-record Declaration of Dr. Richard N. Williams with their response to Defendants' motion for summary judgment, filed concurrently with this response. Dr. Williams' declaration rebuts the Declaration of Troyer. Plaintiffs' arguments in this response to Defendants' motion to strike apply to the Declaration of Williams, as well as to the Declarations of Bush and Espinosa.

26

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300